1
2
3                       UNITED STATES DISTRICT COURT
4                             DISTRICT OF NEVADA
5                                     * * *
6   MICHAEL E. SZLUHA,                      Case No. 3:25-cv-00114-MMD-CLB
7                          Petitioner,              DISMISSAL ORDER
8        v.
9   TERRY ROYAL, *et al.*,
10                         Respondents.
11

12  **I.      SUMMARY**

13         Pro se Petitioner Michael E. Szluha filed a Petition for Writ of Habeas Corpus under

14  28 U.S.C. § 2254 and moved for the appointment of counsel. (ECF Nos. 5 ("Petition"), 1-

15  5 ("Motion").) The Court reviewed the Petition, deferred ruling on the Motion, and

16  instructed Szluha to show cause as to why the Petition should not be dismissed with

17  prejudice as time barred. (ECF No. 6.) Szluha timely responded. (ECF Nos. 7, 8, 9.) For

18  the reasons discussed below, the Court dismisses the Petition and denies the Motion.

19  **II.     BACKGROUND[1]**

20         On July 29, 2014 and July 30, 2015, the state court entered a judgment of

21  conviction and amended judgment of conviction, respectively, following a jury trial,

22  convicting Szluha of six counts of use of a minor in producing pornography, 17 counts of

23  lewdness with a child under the age of 14, and one count of sexual assault with a minor

24  under the age of 14. Szluha was sentenced to life in prison with the possibility of parole

25  after 10 years for every count. Three of those sentences were ordered to be served

26

27         [1]The Court takes judicial notice of the online docket records of the Eighth Judicial
    District Court (https://www.clarkcountycourts.us/portal) and Nevada appellate courts
28  (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

consecutively, while the remaining sentences were ordered to be served concurrently. Szluha appealed, and the Nevada Supreme Court affirmed on November 13, 2015.

On December 20, 2016, Szluha filed a state habeas petition. The state court denied the petition as procedurally barred due to it being untimely filed. Szluha appealed, and the Nevada Court of Appeals affirmed on August 14, 2018. Remittitur issued on September 11, 2018.

On April 10, 2018, Szluha filed a second state habeas petition. On May 30, 2019, the state court denied the petition as procedurally barred, but, on October 1, 2019, the state court amended its order by deleting the procedural bar analysis and resolving the petition on the merits. Szluha appealed, and the Nevada Supreme Court found that the state court "erred to the extent it resolved the habeas petition on the merits without addressing the clearly applicable procedural bars." The Nevada Supreme Court concluded that Szluha's second state habeas petition was procedurally barred and without good cause, so it affirmed the state court order denying the petition. Remittitur issued on December 21, 2020.

## III.    LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or after the Nevada Supreme Court has denied discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13. The federal limitations period is tolled while "a properly filed application for State post-

1  conviction or other collateral review with respect to the pertinent judgment or claim is

2  pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between

3  finality of a direct appeal and the filing of a petition for post-conviction relief in state court

4  because no state court proceeding is pending during that time. *See Nino v. Galaza*, 183

5  F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir.

6  2006).

7  **IV.    DISCUSSION**

8        Szluha's direct appellate review concluded on November 13, 2015 with the Nevada

9  Supreme Court's affirmation of his judgment of conviction. As such, Szluha's conviction

10  became final when the time expired for filing a petition for writ of certiorari with the United

11  States Supreme Court 90 days later, on February 11, 2016. The federal statute of

12  limitations began to run the following day: February 12, 2016. The limitations period

13  expired 365 days later, on February 12, 2017, making his instant Petition, which was

14  transmitted to the Court on or about February 25, 2025, untimely by eight years.

15        Notably, Szluha is not entitled to any statutory tolling stemming from his state

16  postconviction proceedings. Szluha filed first and second state habeas petitions, but they

17  would only toll the federal limitations period if they were "properly filed." The Supreme

18  Court has held that if a habeas petitioner's state post-conviction petition was rejected by

19  the state court as untimely, it is not "properly filed" within the meaning of the statutory

20  tolling provision of the AEDPA limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408,

21  417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it

22  was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *see*

23  *also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its

24  delivery and acceptance are in compliance with the applicable laws and rules governing

25  filings. These usually prescribe, for example, the form of the document, the time limits

26  upon its delivery, the court and office in which it must be lodged, and the requisite filing

27  fee."). Szluha's first and second state habeas petitions were not properly filed given that

28  they were found to be untimely under state procedural rules.

In response to the Order to Show Cause, Szluha does not dispute the Court's calculation of his AEDPA limitations period. Rather, Szluha contends that he is entitled to equitable tolling due to: (1) his state habeas attorney abandoning him, which can be seen by his state habeas attorney's admission that the late filing of Szluha's first state habeas petition was his fault; (2) not receiving confirmation of the affirmation of the denial of his second state habeas petition until March 19, 2021, when the Nevada Supreme Court sent him copies of requested documents; (3) speaking with his state habeas attorney on the phone on May 18, 2021 and being informed "that no one in the courts of Nevada would help [him] and that [he] was going to die in prison" and that he could "give [the federal courts] a try[;]" (4) his state habeas attorney failing to inform him of the need to file a protective federal habeas petition after his first state habeas petition was denied and then erroneously telling him that there were no time limitations to file his federal habeas petition; (5) needing time to recover after the May 18, 2021 phone call with his state habeas attorney due to giving "up hope of . . . ever getting his liberty back[;]" (6) spending a few months putting together information about his case and then sending that information to the Mayor of North Las Vegas, "Fair Trials" (a human rights organization), the British Consulate, and other "officials in England[;]" (7) applying for a pardon through the Pardons Board, (8) it being "nearly impossible" to make legal phone calls in prison due to "other inmates . . . steal[ing] or break[ing] the cordless phone, hold[ing] the phone hostage or steal[ing] batteries[;]" and (9) receiving "subpar treatment from prison staff due to [his] sex offender status." (ECF Nos. 7, 8.)

## A.    Equitable Tolling Standard

The Supreme Court has held that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling is appropriate only if (1) a petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See id.* at 649. To satisfy the first element, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing

1    caused by an extraordinary circumstance existed, but before and after as well, up to the

2    time of filing." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc) (expressly

3    rejecting stop-clock approach for evaluating when petitioner must be diligent). To satisfy

4    the second element, a petitioner must show that the "extraordinary circumstances" were

5    the *cause* of his untimeliness. *See, e.g.*, *Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir.

6    2017). In other words, a petitioner must show "that some external force caused his

7    untimeliness, rather than mere oversight, miscalculation or negligence." *Velasquez v.*

8    *Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (internal quotation omitted).

9         **B.    Analysis of Equitable Tolling Arguments**

10        The Court finds that Szluha is entitled to equitable tolling up until March 19, 2021

11    when he received copies from the Nevada Supreme Court of the affirmation of the denial

12    of his second state habeas petition. *See Fue v. Biter*, 842 F.3d 650, 652 (9th Cir. 2016)

13    (holding that a petitioner's lack of knowledge of a state court's adverse decision on his

14    post-conviction appeal or habeas petition, if proven, would entitle him to equitable

15    tolling). Up until this time, taking Szluha's allegations as true, Szluha's state habeas

16    attorney had: (1) filed Szluha's first state habeas petition late because he was busy

17    working on an unrelated death penalty case; (2) failed to inform Szluha of the need to file

18    his federal habeas petition so that such petition would be timely; (3) filed a baseless

19    second state habeas petition; and (4) failed to provide copies to him of the Nevada

20    Supreme Court's decision. Given that Szluha's state habeas attorney failed to fulfil his

21    basic duty of client representation, the Court finds that Szluha's state habeas attorney's

22    conduct was sufficiently egregious to warrant equitable tolling.[2] *See Doe v. Busby*, 661

23    _____

24        [2]Notably, Szluha's state habeas attorney's failure to adequately advise him
     regarding his AEDPA filing deadline amounts to ordinary attorney negligence and does

25    not warrant equitable tolling. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001)
     ("We conclude that the miscalculation of the limitations period by Frye's counsel . . . do[es]

26    not constitute extraordinary circumstances sufficient to warrant equitable tolling.").
     Similarly, equitable tolling is not warranted due to Szluha's "inability correctly to calculate

27    the limitations period" himself. *Rasberry*, 448 F.3d at 1154 (holding that "a pro se
     petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance

28    warranting equitable tolling").

F.3d 1001, 1011 (9th Cir. 2011) ("Equitable tolling may be warranted in instances of unprofessional attorney behavior."); *see also Luna v. Kernan*, 784 F.3d 640, 647 (9th Cir. 2015) ("[A]ffirmatively misleading a petitioner to believe that a timely petition has been or will soon be filed can constitute egregious professional misconduct."); *cf. Holland*, 560 U.S. at 651-52 ("A garden variety claim of excusable neglect . . . does not warrant equitable tolling.").

However, importantly, Szluha fails to make a meritorious argument for why he should be entitled to equitable tolling after March 19, 2021. For almost four years—from March 19, 2021 until February 25, 2025 when his federal habeas petition was finally filed—Szluha explains that he lacked adequate access to the phone and was treated unfairly by prison staff. While the Court acknowledges and appreciates that prison conditions can make filing a federal habeas petition tricky, the conditions highlighted by Szluha—either considered individually or collectively—are ordinary conditions of prison life and do not qualify as extraordinary circumstances warranting equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (explaining that "[o]rdinary prison limitations" are "neither 'extraordinary' nor ma[k]e it 'impossible' for [a prisoner] to file his petition in a timely manner"). Turning to diligence during this time period, Szluha explains that was seeking assistance from non-court related entities and seeking a pardon. The correlation between pursuing these other avenues of relief and Szluha's alleged diligence in pursing federal habeas relief is unclear. There was nothing preventing Szluha from simultaneously seeking various forms of relief.

Finally, Szluha's federal statute of limitations was equitably tolled until March 19, 2021.[3] Szluha's limitations period began to run the following day—March 20, 2021—and expired one year later, on March 20, 2022. Szluha filed his instant Petition on February

---

[3] Under this analysis, the Court assumes that Szluha expeditiously secured counsel to file his state habeas petition following his direct appeal, meaning he did not lose any time from his AEDPA clock between the conclusion of his direct appeal proceedings and the commencement of equitable tolling.

25, 2025, almost four years *after* his limitations period expired. Accordingly, the Court dismisses the Petition with prejudice as untimely.

## V.    CONCLUSION

It is therefore ordered that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 5) is dismissed with prejudice as untimely.

It is further ordered that the motion for appointment of counsel (ECF No. 1-5) is denied.

It is further ordered that a Certificate of Appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further ordered that the Clerk of Court kindly: (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondents;[4] (2) informally serve the Nevada Attorney General with the Petition (ECF No. 5), this Order, and all other filings in this matter by sending notices of electronic filing to the Nevada Attorney General's office; (3) enter final judgment, dismissing this action with prejudice; and (4) close this case.

DATED THIS 23rd Day of May 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[4] No response is required from Respondents other than to respond to any orders of a reviewing court.

7